UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00118-GNS

AMY BOLDEN     PLAINTIFF

v.

AETNA LIFE INSURANCE COMPANY     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Partial Motion to Dismiss (DN 12), which is ripe for adjudication. For the reasons below, the motion is **GRANTED**.

### I. BACKGROUND

Plaintiff Amy Bolden ("Bolden") was insured under an employer-provided disability benefit plan administered by Defendant Aetna Life Insurance Company ("Aetna"). (Compl. ¶ 8, DN 1). In July 2014, Bolden stopped working due to a disabling condition. (Compl. ¶ 13). Aetna initially provided short-term disability benefits to Bolden and later provided long-term disability benefits. (Compl. ¶¶ 16-18). Aetna terminated Bolden's benefits in December 2015. (Compl. ¶ 19). Bolden filed an appeal, but Aetna denied it. (Compl. ¶¶ 20-21).

Bolden filed this action against Aetna alleging that it breached the terms of the benefit plan in violation of the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461. (*See* Compl. ¶ 4). In the claims section of her Complaint, Bolden alleges that:

> 29 U.S.C. §§ 1132(a) is the enforcement mechanism permitting [her] to enforce the contractual terms of the insurance policies, to obtain past benefits, to receive reinstatement for payment of her disability benefits, to obtain declaratory relief,

1

*and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.*

(Compl. ¶ 44) (emphasis added).[1]  In her prayer for relief, Bolden seeks the claimed long-term disability benefits that were denied, "pre- and post-judgment interest at the greater of the prime rate or the rate earned by Aetna on the unpaid disability benefits," "all other legal or equitable relief to which she may be entitled," and attorney fees and costs.  (Compl. ¶¶ 47-51).  In the memorandum filed in support of its partial motion to dismiss, Aetna explains that, while Bolden cites only generally to 29 U.S.C. § 1132(a), she is really asserting claims under Sections 1132(a)(1)(B) and 1132(a)(3) because, in addition to asserting a claim for benefits, she requests other appropriate equitable relief including, but not limited to, surcharge, make whole relief, disgorgement of profit, and interest at the rate earned by Aetna on unpaid disability benefits. (Def.'s Mem. Supp. Partial Mot. Dismiss 3, DN 12-1 [hereinafter Def.'s Mem.]).  Aetna asks the Court to dismiss Bolden's Section 1132(a)(3) claim because Bolden "has alleged no separate and distinct conduct or injuries in support of her § 1132(a)(3) claim for equitable relief . . . ."  (Def.'s Mem. 4).

## II.  JURISDICTION

The Court has federal question jurisdiction over this matter because a federal question is presented.  *See* 28 U.S.C. § 1331.

## III.  STANDARD OF REVIEW

A complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6),

---

[1] This section of the Complaint differs from the Complaint in *Klein v. Aetna Inc. Long Term Disability Benefits Plan*, No. 3:15-CV-00742-GNS, 2016 U.S. Dist. LEXIS 53886 (W.D. Ky. Apr. 22, 2016) only in that "29 U.S.C. 1132(a)" has been inserted in place of "29 U.S.C. §§1132(a)(1)(B) and 1132(a)(3)."  (*Compare* Compl. ¶ 44, *with* Compl. ¶ 25, No. 3:15-cv-00742-GNS-CHL, DN 1).

2

the Court must construe the complaint in a light most favorable to the nonmoving party, accepting "as true all factual allegations and permissible inferences therein." *See Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)). The nonmoving party, however, must plead more than bare legal conclusions. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). In order to survive a 12(b)(6) motion, "[the] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While the pleadings do not need to contain detailed factual allegations, the nonmoving party must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## IV.     DISCUSSION

This case presents issues almost identical to those discussed in a prior decision of this Court, *Klein v. Aetna Inc. Long Term Disability Benefits Plan*, No. 3:15-CV-00742-GNS, 2016 U.S. Dist. LEXIS 53886 (W.D. Ky. Apr. 22, 2016). The only difference is that, unlike the plaintiff in *Klein*, Bolden has not specifically identified her claims as arising under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3). *See Klein*, 2016 U.S. Dist. LEXIS 53886, at *2. Instead, she asserts these claims generally under Section 1132(a). This fact, however, does not change the result.

In relevant part, Section 1132(a)(1) provides:

A civil action may be brought—
(1) by a participant or beneficiary—
. . .

3

> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

29 U.S.C. § 1132(a)(1)(B). In contrast, Section 1132(a)(3) provides:

> A civil action may be brought—
> . . .
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

29 U.S.C. § 1132(a)(3).

The Court concludes that Bolden has asserted two separate claims: a Section 1132(a)(1)(B) claim and a Section 1132(a)(3) claim. Bolden's claim for benefits falls under Section 1132(a)(1)(B). *See Varity Corp. v. Howe*, 516 U.S. 489, 511-12 (1996); *see also Quarles v. Hartford Life & Accident Ins. Co.*, No. 3:15-cv-372-DJH, 2016 U.S. Dist. LEXIS 65188, at *3-4 (W.D. Ky. May 17, 2016). Because Bolden seeks the remedy of "other appropriate equitable relief," she has also asserted a concurrent Section 1132(a)(3) claim. *Quarles*, 2016 U.S. Dist. LEXIS 65188, at *4.

As the Sixth Circuit held in *Rochow v. Life Insurance Co. of North America*, 780 F.3d 364 (6th Cir. 2015), an ERISA plaintiff may pursue a claim under Section 1132(a)(3), but only when it "is based on an injury separate and distinct from the denial of benefits or where the remedy afforded by Congress under § [1132](a)(1)(B) is otherwise shown to be inadequate." *Id.* at 372-23 (citing *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 840-42 (6th Cir. 2007)). Here, like *Klein*, Bolden has failed to allege "an injury separate and distinct from the denial of benefits" or show why "the remedy afforded by Congress under § [1132](a)(1)(B) is . . . inadequate." *See id*; *Klein*, 2016 U.S. Dist. LEXIS 53886, at *4-6. Therefore, Bolden has failed to state a claim under Section 1132(a)(3), and the Court will grant

4

Aetna's motion to dismiss the claim seeking equitable relief. *See Klein*, 2016 U.S. Dist. LEXIS 53886, at *4-6; *see also Quarles*, 2016 U.S. Dist. LEXIS 65188, at *5-6; *Myers v. Anthem Life Ins. Co.*, No. 3:14-CV-00948-JHM, 2015 WL 6394524, at *2 (W.D. Ky. Oct. 21, 2015).

## V.    CONCLUSION

For the reasons above, **IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (DN 12) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**
January 10, 2017

cc:    counsel of record